IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KELYNN O.J. THOMPSON, | |
|---|---|
| Petitioner, | 8:19CV152 |
| vs. | |
| BRAD JOHNSON, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on initial review of Petitioner Kelynn O.J. Thompson's ("Thompson") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing No. 1.) For the reasons discussed below, I will dismiss Thompson's petition without prejudice.

In his petition filed on April 11, 2019, Thompson challenged the post-release supervision proceedings pending against him in the District Court of Lancaster County, Nebraska, at Case No. CR18-286. As best the court can ascertain, Thompson alleges that his revocation proceedings are based on conduct that is also the subject of new pending criminal charges and Thompson's situation is similar to that of another individual, Eric Robinson ("Robinson"), whose post-release supervision revocation proceedings were dropped by the State. Liberally construed, Thompson claims he has been denied equal protection of the law because his post-release revocation proceedings should be dismissed just as Robinson's were dismissed.

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

According to Thompson's state court records, available to this court online, the State of Nebraska withdrew its motion to revoke Thompson's post-release supervision on September 9, 2019. I take judicial notice of the state district court records related to this case in *State v. Thompson*, No. CR18-286, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id*. (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Thompson is no longer subject to post-release supervision revocation proceedings, I conclude this case is moot and must be dismissed.

Finally, because "the detention complained of arises from process issued by a state court," Thompson must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).

The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Thompson is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 25th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge